(No. 3730— )

PAUL R. BOLGER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 12, 1944.*

JAMES F. HENNESY AND WILLIAM E. PERCE, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

ECKERT, J.

On October 8, 1941, the claimant, Paul R. Bolger, was an employee of the Department of Public Welfare of the State of Illinois, at the Elgin State Hospital. While sharpening his carpenter's hatchet on an emery wheel, a foreign body entered his left eye in the center of the cornea, resulting in a permanent partial loss of vision.

At the time of the accident, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of the employment.

Claimant's wages for the year immediately preceding the injury were $2,520.00; he had two children under sixteen years of age dependent upon him for support. No claim is made for medical, hospital, or surgical services, or for temporary total or temporary partial disability, but claim is made for eighty per cent loss of sight in claimant's left eye.

From the record it appears that prior to the injury claimant had normal vision in both eyes; that as a result of the accident, claimant has suffered a forty per cent loss of vision in his left eye without glasses; that he has suffered a twenty per cent loss of vision with glasses. Claimant contends that under the Workmen's Compensation Act his loss is to be determined without correction rather than with correction by glasses.

There is nothing in the Workmen's Compensation Act to indicate a contrary construction. To base dis-

ability in an eye case on the condition of the eye after correction is as illogical as to hold that compensation in a leg or arm case should be determined on the extent of the disability after the attachment of a brace or other appliance. Although courts in several States determine eye losses after correction, the sound rule, followed by a majority of the courts, is that compensation for eye injuries is properly determined on actual loss of vision rather than loss of vision as corrected by lenses. Under the Illinois statute, the purpose of which was to provide compensation for accidental injuries or death suffered in the course of employment, such loss should be determined without reference to the correction.

The court finds that claimant has suffered a forty per cent loss of vision of his left eye. On the basis of claimant's earnings and his dependents, he is. entitled to an award of $16.00 per week for 48 weeks,. or the sum of $768.00. Since the injury occurred subsequent to July 1, 1941, the award must be increased ten per cent, or $76.80, making a total of $844.80.

Award is therefore entered in favor of the claimant for the total sum of $844.80, all of which has accrued and is payable forthwith.